IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FREDDIE FALCONER, IDOC # B64044,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 11-831-GPM |
| | ) | |
| **MD FE FUENTES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Freddie Falconer, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Menard Correctional Center ("Menard"), brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law. This case now is before the Court on the matter of possible severance of the two counts set forth in Falconer's pro se complaint. Count One of Falconer's pro se complaint alleges that Defendants Dr. Fahim, Dr. Nwaobasi, RN Kiver, Gail Walls, Rod Blagojevich, Director Godinez, Warden Rednour, Winters, and Suzann Griswold, all of whom are past and present officials and/or employees of the State of Illinois and/or the IDOC, have violated the Eighth Amendment by refusing to furnish Falconer with a prison diet free of soy protein, to which Falconer claims he is acutely allergic. Count Two of Falconer's complaint alleges that Defendants MD FE Fuentes, a member of the medical staff at Menard, Fahim, and Nwaobasi have been deliberately indifferent to a serious medical condition of Falconer's throat, in violation of the Eighth Amendment

In the context of lawsuits brought by prisoners against governmental actors, the United States Court of Appeals for the Seventh Circuit has instructed that, under Rule 18 of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Otherwise, prisoners easily could sidestep the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) (codified in various sections of 28 and 42 U.S.C.), in particular the PLRA's provisions regarding filing fees and its limitations on the ability of vexatious prisoner litigants to proceed in forma pauperis in federal court. *See id*. Rule 18 provides, in relevant part, that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under Rule 18, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, in *George* the Seventh Circuit Court of Appeals reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies with as much force to cases brought by prisoners as it does to any other kind of case. *See id*. Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Both of the requirements of Rule 20(a) must be satisfied in order to sustain party joinder under the rule. *See Intercon Research Assocs., Ltd. v. Dresser Indus, Inc.*, 696 F.2d 53, 57 (7th Cir. 1982). Correspondingly, "[a] buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded the plaintiff, B defamed

him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George*, 507 F.3d at 607. The Court has broad discretion to determine when joinder is appropriate. *See Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994). A district court's discretion as to joinder allows it "to consider, in addition to the requirements of Rule 20, 'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'" *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (quoting *Desert Empire Bank v. Insurance Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)) (internal citation omitted). *See also* 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1653 (3d ed. 1998 & Supp. 2010) (the discretion district courts possess as to matters of joinder "promote[s] judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20") (collecting cases).

  In this case it appears that Falconer's claim against Fahim, Nwaobasi, Kiver, Walls, Blagojevich, Godinez, Rednour, Winters, and Griswold based on the alleged failure of these Defendants to furnish Falconer with a soy-free prison diet is misjoined with Falconer's claim against Fuentes, Fahim, and Nwaobasi for alleged failure to treat Falconer's throat condition. It is the Court's usual practice, upon noting misjoinder of claims or parties in a pro se complaint brought by a prisoner, to advise the prisoner that the Court is contemplating severance of the misjoined claims or parties and to afford the prisoner an opportunity to seek voluntary dismissal of the misjoined claims or parties. *See, e.g., Baker v. Parker*, Civil No. 09-cv-992-JPG, 2010 WL 2164461, at *6 (S.D. Ill. May 28, 2010). In this way, prisoners may avoid the "financial burden" of a new filing fee

if, after severance of a claim or party, a new case must be opened. *Id*. The Court will follow this procedure in this case. Accordingly, Falconer is hereby **ADVISED** that the Court is inclined to sever his claim against Fahim, Nwaobasi, Kiver, Walls, Blagojevich, Godinez, Rednour, Winters, and Griswold based on the alleged failure of these Defendants to furnish Falconer with a soy-free prison diet from Falconer's claim against Fuentes, Fahim, and Nwaobasi for alleged failure to treat Falconer's throat condition. If such severance occurs, the severed claim will be removed from this case and opened in a new case. A new case number will be assigned and a separate filing fee will be assessed for the new case. Because the imposition of an additional filing fee may create a financial burden for Falconer, he is **further ADVISED** that he may avoid severance – and the imposition of an additional filing fee – by filing a motion for voluntary dismissal without prejudice of his claim against Fuentes, Fahim, and Nwaobasi for alleged failure to treat Falconer's throat condition not later than **ten (10) days** from the date of entry of this Order. Before filing such a motion for voluntary dismissal, Falconer should consider whether he could re-file the dismissed claim without running afoul of the two-year statute of limitations applicable to claims under 42 U.S.C. § 1983 that arise in Illinois. *See Kalimara v. Illinois Dep't of Corr.*, 879 F.2d 276, 276-77 (7th Cir. 1989); *Thomas v. McElroy*, Civil No. 10-424-GPM, 2010 WL 5089824, at *2 (S.D. Ill. Dec. 8, 2010).

    **IT IS SO ORDERED.**

    DATED: April 5, 2012

                                    /s/ G. Patrick Murphy
                                    G. PATRICK MURPHY
                                    United States District Judge